

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2004

# Goguadze v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2245

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Goguadze v. Atty Gen USA" (2004). *2004 Decisions.* Paper 413.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/413

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-2245

GRIGOL A. GOGUADZE,

Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL,

Respondent

On petition for review of a final order
of the Board of Immigration Appeals
File No. A 77 570 753

Submitted Pursuant to Third Circuit LAR 34.1
June 18, 2004

Before: ALITO, SMITH AND WALLACE, *Circuit Judges*[*]

(Filed August 5, 2004)

OPINION OF THE COURT

SMITH, *Circuit Judge.*

---

[*]The Honorable J. Clifford Wallace, Senior United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

Grigol A. Goguadze petitioned for review of the decision of the Board of Immigration Appeals denying his motion for reconsideration and to reopen his claim for asylum, for withholding of removal and for relief under the United Nations Convention Against Torture.[1] We will deny the petition for review.

Goguadze, a physician from the Republic of Georgia, filed an application for asylum in the United States, withholding of removal to the Republic of Georgia, and relief under the United Nations Convention Against Torture. Goguadze claimed that he was a political refugee because he had supported President Eduard Shevardnadze's former defense minister Tingiz Ketovani. As a result of that support, Goguadze alleged, he was fired from his position as chairman of the local hospital's emergency department. In addition, Goguadze claimed that he was beaten, arrested, detained, and interrogated on several occasions.

The Immigration Judge ("IJ") found that Goguadze's beliefs were "like most Georgian citizens," and that his activities were not so political that they would "draw the interest of the government." In addition, the IJ found that the events of which Goguadze complained did not constitute persecution, explaining that Goguadze's family was unharmed and that he later regained his position as the chairman of the local emergency department. Although Goguadze testified that he had been arrested and detained on two

---

[1] We do not have jurisdiction over the BIA's decision to deny Goguadze's claim for asylum, withholding, and relief under the Convention Against Torture. Jurisdiction is lacking because Goguadze did not file a petition for review of that order within the thirty day period of limitations. *See* 8 U.S.C. § 1252(b)(1).

occasions, the IJ found that Goguadze's claim of persecution was exaggerated inasmuch as he remained in Georgia unharmed for more than two years after his arrest in May 1996. Goguadze's "primary motivation" for seeking asylum in the United States, according to the IJ, was to join his childhood friend who had immigrated to America and had been granted leave to remain through a lottery program.

The BIA affirmed the IJ's decision without opinion. Goguadze filed a timely motion for reconsideration and to reopen his case. After the BIA denied the motion, Goguadze petitioned for review of that order.

The BIA had jurisdiction over Goguadze's motion to reopen and reconsider pursuant to 8 C.F.R. § 1003.2. We have appellate jurisdiction over the BIA's denial of the motion for reconsideration and to reopen because it is a final order of removal for purposes of 8 U.S.C. § 1252(b)(4)(B). *Sevoian v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002).

A motion for reconsideration must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(5)(C); 8 C.F.R. § 1003.2(b)(1). Regulation 1003.2(a) provides that the "decision to grant or deny a motion to . . . reconsider is within the discretion of the Board." 8 C.F.R. § 1003.2(a). Accordingly, we review to determine if the BIA abused its discretion. "Discretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" *Tipu v. I.N.S.*, 20 F.3d 580, 582 (3d Cir. 1994) (quoting *Chung v.*

3

*I.N.S.*, 602 F.2d 608, 612 (3d Cir. 1979)).

Section 1229a(c)(6) allows an alien to file a motion to reopen which must "state the new facts that will be proven at a hearing to be held if the motion is granted." 8 U.S.C. § 1229a(c)(6)(B). Regulation 1003.2(c) provides that a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The regulation further provides that granting a "motion to reopen . . . is within the discretion of the Board." 8 C.F.R. § 1003.2(a). Thus, our review is for an abuse of discretion. *See I.N.S. v. Abudu*, 485 U.S. 94, 105 (1988) (holding that a motion to reopen under a regulation which was a predecessor of 8 U.S.C. § 1229a(c)(6) and 8 C.F.R. § 1003.2 was subject to review for an abuse of discretion).

The BIA denied Goguadze's motion for reconsideration, stating "we find no new legal argument or particular aspect of the case which was overlooked and no ground upon which to reconsider our previous decision." Goguadze contends that the BIA abused its discretion because it failed to recognize several errors of fact in the IJ's decision which, if viewed properly, would have established that he was persecuted. We disagree. Although some of the facts identified by Goguadze may have strengthened his contention that he was persecuted, none of those facts would have definitively established that he was subject to more than the "generally harsh conditions" shared by many other Georgians. *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) ("BIA suggested that generally harsh

4

conditions shared by many other persons do not amount to persecution") (internal quotation marks and brackets omitted) (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (1985)).

The BIA denied Goguadze's motion to reopen, explaining that the newspaper articles submitted by Goguadze, which described contemporaneous events in Georgia, did not establish that he "would be placed at risk for persecution on account of a protected ground or torture." Goguadze asserts, however, that these articles confirmed the "continuing war-like situation" where he had lived and that he "could still have been persecuted if returned to Georgia." Goguadze fails to recognize that "generalized conditions of strife do not support a claim for asylum because they do not show that [he] will be singled out for persecution on account of one of the enumerated grounds." *Bradvica v. I.N.S.*, 128 F.3d 1009, 1013 (7th Cir. 1997). Thus, the new evidence Goguadze offered was not material to his claim that he would be persecuted if returned to Georgia. Accordingly, the BIA did not abuse its discretion by denying the motion to reopen.

We will deny the petition for review.